UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JORGE ELIECER CIFUENTES-CUERO,

v.                              Case No. 8:15-cr-76-VMC-AAS
                                         8:23-cv-2612-VMC-AAS

UNITED STATES OF AMERICA.

_____/

## ORDER

On November 6, 2023, Jorge Eliecer Cifuentes-Cuero, proceeding pro se, filed a 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence. (Civ. Doc. # 1; Crim. Doc. # 89). The United States of America moved to dismiss the 2255 Motion for lack of jurisdiction on December 18, 2023. (Civ. Doc. # 3). Cifuentes-Cuero did not respond to the Motion to Dismiss. For the reasons that follow, the Motion to Dismiss is granted and the 2255 Motion is dismissed for lack of jurisdiction as successive.

## I.   Background

In August 2018, this Court sentenced Cifuentes-Cuero to 262 months' imprisonment after he pled guilty to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States. (Crim. Doc. # 56).

1

In his plea agreement, Cifuentes-Cuero admitted the following facts: Cifuentes-Cuero has been involved in narcotic trafficking since 2001 and eventually gained a leadership role in the organization, "[growing] and expand[ing] his narcotic trafficking operations from Colombia into Ecuador." (Crim. Doc. # 41 at 19). From 2011 to 2015, he was a "principle member of his Colombian and Ecuadorean-based drug trafficking operation." (Id. at 20). Cifuentes-Cuero participated in multiple maritime drug-trafficking ventures by organizing the logistics of the ventures, holding meetings with others, and supplying information about vessel routes, rendezvous points, and final destinations. (Id.). He also funded the supplies necessary to conduct the ventures, including purchasing vessels, fuel, engines, and electronic equipment. (Id. at 21). He provided financial support to, and supplies for, the crewmembers of the vessels. (Id.). Cifuentes-Cuero would, either personally or at his direction, hire and pay the crew members who transported the narcotics. (Id.). As described in the plea agreement, Cifuentes-Cuero was an organizer for two smuggling ventures that were intercepted by law enforcement in 2013 and 2014. (Id. at 21-22).

Following his conviction in the instant case, Cifuentes-

Cuero filed an appeal, and the Eleventh Circuit affirmed his conviction in April 2020. (Crim. Doc. # 77). In that unsuccessful appeal, Cifuentes-Cuero argued that the factual basis for his guilty plea was insufficient and that the Maritime Drug Law Enforcement Act ("MDLEA") exceeds Congress' authority under the Foreign Commerce Clause, as applied to him. (Id. at 2).

Cifuentes-Cuero then timely filed his first Section 2255 motion, initiating civil case Cifuentes-Cuero v. United States of America, 8:21-cv-00787-VMC-AAS. (Crim. Doc. # 79; Civ. 787 Doc. # 1). In the form Motion, Cifuentes-Cuero lists all three of his grounds as "ineffective assistance of counsel." (Id. at 4-9). Cifuentes-Cuero then raised three arguments. First, he claimed that his "abduction" from Colombia and subsequent extradition to the United States breached certain international treaties. (Id. at 5-10). Second, he argued that 21 U.S.C. §§ 960 and 963 do not apply outside of the United States. (Id. at 10-14). Finally, he alleged prosecutorial misconduct in that the government effected his "illegal arrest" and utilized "falsification . . . [and] unconscionable actions[s]" to secure his presence in the United States. (Id. at 14-19).

The Court denied Cifuentes-Cuero's Section 2255 motion on December 1, 2021. (Crim. Doc. # 81; Civ. 787 Doc. # 10). Although Cifuentes-Cuero filed a motion to reopen and amend (Civ. 787 Doc. # 12), which the Court denied (Civ. 787 Doc. # 13), Cifuentes-Cuero did not appeal the denial of his 2255 Motion.

Now, Cifuentes-Cuero has filed the instant 2255 Motion. (Civ. Doc. # 1; Crim. Doc. # 89). In this Motion, he argues that the Court erred in sentencing him to 262 months' imprisonment instead of his desired below-guidelines sentence of 120 months' imprisonment. (Id. at 2). He also raises a claim of ineffective assistance of trial counsel. He argues that counsel was ineffective in various ways, including — among other things — failing to object to the presentence investigation report, "fail[ing] to fight for the statutory mandatory minimum" sentence, and "fail[ing] to fight for sentencing relief under the safety valve statute." (Id. at 1-3).

But Cifuentes-Cuero did not first obtain leave from the Eleventh Circuit to file a second or successive petition. For this reason, the United States moves to dismiss the 2255 Motion as an unauthorized second or successive motion. (Civ. Doc. # 3).

4

## II.  **Discussion**

A prisoner who previously filed a Section 2255 motion must request and receive permission from the Court of Appeals before filing a second or successive one. See 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain — (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."). "Absent such authorization, a district court lacks jurisdiction to consider such a motion." Hamilton v. United States, No. 8:06-cr-464-EAK-TGW, 2018 WL 5624182, at *1 (M.D. Fla. July 3, 2018) (citing Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003)).

Cifuentes-Cuero previously filed an unsuccessful Section 2255 motion (Crim. Doc. # 79; Civ. 787 Doc. # 1), which was denied on December 1, 2021. (Crim. Doc. # 81; Civ. 787 Doc. # 10). Cifuentes-Cuero has not obtained the Eleventh Circuit's permission to file a second or successive Section

2255 motion. Additionally, Cifuentes-Cuero has not demonstrated that his claims fall within the small subset of claims that are not categorized as successive, even though they are filed second in time. See Stewart v. United States, 646 F.3d 856, 863-65 (11th Cir. 2011) (explaining that the basis for the second-in-time § 2255 motion — the vacatur of the predicate state convictions underlying the prisoner's career offender status in the federal case — did not exist at the time of the prisoner's first § 2255 motion, and thus the numerically second motion was not "second or successive" within the meaning of AEDPA); Boyd v. United States, 754 F.3d 1298, 1301-02 (11th Cir. 2014) (determining that a prisoner's previously dismissed § 2255 motions did not render a later § 2255 motion "successive" because the prisoner's claim did not exist before his initial § 2255 proceeding concluded and the rulings on subsequent motions were not on the merits). Furthermore, the United States is correct that Cifuentes-Cuero's "arguments do not address any alleged defect in the integrity of his first section 2255 proceedings" but, rather, "he attempts to litigate new but equally meritless grounds of relief." (Civ. Doc. # 3 at 4).

Thus, Cifuentes-Cuero's new motion constitutes an improper, successive motion pursuant to 28 U.S.C. § 2255.

Pursuant to Sections 2255(e) and (h), this Court must dismiss this motion. See Mitchell v. United States, 652 F. App'x 781, 783–84 (11th Cir. 2016) ("The district court did not err in dismissing Mitchell's motion to vacate as an unauthorized successive § 2255 motion because . . . not only did Mitchell's ineffective assistance claim exist when he filed his first § 2255 motion in 2010, but he asserted essentially the same ineffective assistance argument in his first § 2255 motion that he asserts in his current § 2255 motion.").

As the Court was able to readily determine that it lacks jurisdiction, no evidentiary hearing is required. See 28 U.S.C. § 2255(b) (stating that an evidentiary hearing is not necessary if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief").

## III. Certificate of Appealability and Leave to Appeal In Forma Pauperis Denied

Because this Court lacks jurisdiction, it can neither grant nor deny a certificate of appealability. See Williams v. Chatman, 510 F.3d 1290, 1295 (11th Cir. 2007) ("Without such authorization, the district court lacked subject matter jurisdiction to consider the successive petition, and therefore could not issue a COA with respect to any of these

claims."); <u>Boone v. United States</u>, No. CR 05-00265-WS-N-1, 2016 WL 6803131, at *3 (S.D. Ala. Oct. 14, 2016) ("[A] COA is unnecessary when, as here, the district court is dismissing a successive petition for lack of jurisdiction."), <u>report and recommendation adopted</u>, No. CR 05-00265-WS-N-1, 2016 WL 6780326 (S.D. Ala. Nov. 14, 2016). The Court will not authorize Cifuentes-Cuero to proceed on appeal in forma pauperis because such an appeal would not be taken in good faith. <u>See</u> 28 U.S.C. § 1915(a)(3). Cifuentes-Cuero shall be required to pay the full amount of the appellate filing fee pursuant to Section 1915(b)(1) and (2).

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1)   The United States of America's Motion to Dismiss for Lack of Jurisdiction (Civ. Doc. # 3) is **GRANTED.**

(2)   Jorge Eliecer Cifuentes-Cuero's pro se 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence. (Civ. Doc. # 1; Crim. Doc. # 89) is **DISMISSED** for lack of jurisdiction as successive. Such dismissal is without prejudice to Cifuentes-Cuero's filing a motion in the Eleventh Circuit for permission to file a successive Section 2255 motion to vacate.

(3)   The Clerk is directed to enter judgment accordingly and
      close this case.

      **DONE** and **ORDERED** in Chambers in Tampa, Florida, this
24th day of September, 2024.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE